# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1606V

* * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| | * | |
| TAYLOR WILLIAMS, | * | Chief Special Master Corcoran |
| | * | |
| | * | |
| Petitioner, | * | Filed:  April 16, 2025 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Colleen C. Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 22, 2021, Taylor Williams filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged the Table Claim that an influenza ("flu") vaccine she received on November 26, 2018, caused her to incur Guillain-Barré syndrome. *Id.* The matter was originally assigned to the Special Processing Unit ("SPU"), but the parties could not resolve the claim. After the case was transferred out of SPU and to my individual docket, I ruled in favor of Petitioner and granted entitlement. *See* Ruling on Entitlement, dated April 29, 2024 (ECF No. 43). I subsequently awarded damages on March 12, 2025. *See* Damages Decision (ECF No. 55).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated April 9, 2025 (ECF No. 60) ("Fees Mot."). This is the first fees decision filed in this case. Petitioner requests a total of $51,068.00 ($49,980.50 in fees and $1,087.50 in costs) for the work of the attorneys and support staff at Turning Point Litigation. Fees Mot. at 1; ECF No. 60-1 at 21. Respondent reacted to the motion on April 10, 2025. (ECF No. 61). Respondent is satisfied the statutory requirements for an award of attorney's fees and costs were met in this case, and requests that I exercise discretion in calculating the amount to be awarded. ECF No. 61 at 2, 4. On April 10, 2025, Petitioner filed a reply, concurring with Respondent's recommendation. ECF No. 62.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$51,068.00**.

## I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| **Nancy Myers (Attorney)** | $400.00 | $430.00 | $460.00 | $490.00 | $530.00 | $530.00 |
| **Tyler Nullmeyer (Attorney)** | — | — | $275.00 | $290.00 | $290.00 | $350.00 |
| **Taylor Barrett (Paralegal)** | $150.00 | $155.00 | $160.00 | $165.00 | $180.00 | $180.00 |
| **Janelle Tharp (Paralegal)** | — | — | $160.00 | $165.00 | $180.00 | $180.00 |

ECF No. 60-1 at 1.

The attorneys at Turning Point Litigation practice in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Stone v. Sec'y of Health & Hum. Servs.*, No. 18-634V, 2023 WL 8895692 (Fed. Cl. Spec. Mstr. Nov. 29, 2023). The hourly rates requested through 2024 are consistent with what has previously been awarded these attorneys, in accordance with the Office of Special Masters's fee schedule.[3] *Wessinger v. Sec'y of Health & Hum. Servs.*, No. 21-518V, 2024 WL 3176348, at *2 (Fed. Cl. Spec. Mstr. May 30, 2024). In addition, the requested rates for 2025 are consistent with the OSM fee schedule and are commensurate with the relevant attorneys' experience, and do not reflect unreasonable increases. I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node2914 (last visited Apr. 16, 2025).

masters have refrained from paying the cost at issue. *See*, *e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,087.50 in attorney's costs, including mailing costs, medical record retrieval costs, and costs for legal research. Fees Mot. at 20-21. The requested costs are the sort commonly incurred in the Vaccine Program, and are reasonably awarded herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for an Award of Attorney's Fees and Costs, awarding a total amount of **$51,068.00**, reflecting $49,980.50 in attorney's fees and $1,087.50 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.